# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50152 | **DATE** | 1/7/2011 |
| **CASE TITLE** | U.S.A. vs. Eric Jackson | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT - OPINION

Eric Jackson, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence under 18 U.S.C. § 922(g)(1). He raises numerous claims related to the ineffective assistance of his trial and appellate counsels. The court will identify each claim as it addresses them in this order. The government has filed a response, and Jackson has filed a reply.

Background

Jackson was indicted on one count of being a felon in possession of a firearm, see § 922(g)(1), based on a firearm that was found in his possession when he was arrested pursuant to an arrest warrant at the home of his father's girlfriend. Jackson, who was represented by appointed counsel, moved to suppress the firearm. The court, after conducting an evidentiary hearing, denied the motion to suppress. Jackson subsequently entered a conditional plea of guilty under Rule 11(a)(2) and was sentenced to a 96-month term of imprisonment.

Jackson filed a direct appeal. See United States v. Jackson, 576 F. 3d 465 (7th Cir. 2009). In his appeal he challenged the denial of his motion to suppress and the imposition of an above- guidelines sentence. Jackson, 576 F. 3d at 466.

The Court of Appeals affirmed the judgment of conviction and sentence. In doing so, the Court of Appeals held that the police, armed with a valid arrest warrant, had a reasonable belief that Jackson was at the apartment of LaDonna Joseph (his father's girlfriend) and entered and searched the apartment in accordance with the Fourth Amendment. Jackson, 576 F. 3d at 467-69. The Court of Appeals further held that the imposition of an above-guidelines sentence of 96 months was reasonable due to the need to deter Jackson from further criminal activity. Jackson, 576 F. 3d at 470.

Applicable Legal Standards

In order to establish ineffective assistance of counsel, a petitioner must establish that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered resulting prejudice. Gentry v. Sevier, 596 F. 3d 838, 851 (7th Cir. 2010). Regarding performance, a petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Gentry, 596 F. 3d at 851. In order to establish sufficient prejudice resulting from counsel's unprofessional errors, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

Gentry, 596 F. 3d at 851.

The failure of appellate counsel to raise a particular issue on appeal requires the court to compare the issue not raised with the issues that were raised. Lee v. Davis, 328 F. 3d 896, 900 (7th Cir. 2003). If the issue that was not raised is both obvious and clearly stronger than the issues that were raised, the appellate counsel's failure to raise the neglected issue is objectively deficient. Lee, 328 F. 3d at 900-01. Prejudice is established if the issue not raised may have resulted in a reversal of the conviction or an order for a new trial. Lee, 328 F. 3d at 901. This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised. Lee, 328 F. 3d at 901.

Trial Counsel Claims

Jackson's first claim is that his trial counsel was ineffective for failing to interview and subpoena a witness for the suppression hearing, LaDonna Joseph, who rented the apartment where he was found and arrested. In support of this claim, Jackson has submitted the affidavit of LaDonna Joseph.[1]

According to the Joseph affidavit, she was "willing to testify" but "was never contacted by [Jackson's] attorney." Joseph further states that she answered the door on the date in question and refused to give consent to the police to search the apartment. Tyreesha Barbary, Jackson's girlfriend, was sitting on the couch when the officers arrived. According to Joseph, Barbary was attempting to leave the couch to go to the bathroom when the officers "rushed past [Joseph] and asked [Barbary] where was [Jackson]." Barbary then started to cry.

While the Joseph affidavit is contrary to the affidavit of Jackson's trial attorney on the issue of whether he interviewed Joseph, such disagreement is not material here as the other statements of Joseph regarding her proposed testimony would not have affected the outcome of the suppression hearing. Thus, there is no showing of prejudice in assuming a failure to interview Joseph or call her as a witness at the suppression hearing. The affidavit otherwise offers nothing substantively that would have materially affected the outcome of the hearing. The only arguable inconsistency with the evidence at the hearing, a minor one at best, is whether the officers, prior to entering the apartment, asked Barbary whether Jackson was present. Taking Joseph's statement as true that the officers "rushed past" her, and "asked where was [Jackson]," such a minor discrepancy would not have altered the outcome in light of Barbary's testimony and that of the officers that the officers asked Barbary where Jackson was while they were still standing in the doorway. Thus, Joseph's proposed testimony would not have been enough to make a difference in the court's findings. Therefore, this claim of ineffective assistance of counsel fails.

Jackson next claims that his trial counsel was ineffective for failing to challenge the indictment as to whether the firearm had in fact traveled in interstate commerce. This claim fails because Jackson has identified no evidence that the firearm did not travel in interstate commerce. Further, the government has submitted the affidavit of an ATF agent that the gun was manufactured in Brazil and did in fact travel in interstate commerce, which Jackson has not rebutted. Accordingly, it was not ineffective for trial counsel not to have challenged the indictment on this basis.

Jackson claims, somewhat vaguely as the government notes, that his trial counsel was ineffective for not investigating the crime scene and learning of Barbary's use of medication prior to her testifying at the motion to suppress. The government speculates, and the court agrees, that the only possible issue related to the layout of the apartment is whether the officers could actually see Barbary sitting on the couch from the doorway. Any claim based on that assertion is faulty considering the undisputed testimony of both Barbary and the officers that they could see her sitting on the couch as they stood in the doorway. Jackson points to no contrary evidence. Absent any other assertion related to the apartment, Jackson has not shown that his trial counsel was ineffective for failing to investigate the crime scene.

Likewise, Jackson has pointed to no evidence that Barbary was under the influence of medicine at the time she testified or that her testimony was in any way impacted by her use of any medicine. Thus, this claim is also without merit.

Jackson next claims that his trial counsel was ineffective for failing to properly advise him related to his guilty plea and his potential sentence as well as coercing him into pleading guilty. This claim fails for several reasons. Jackson points to no evidence to support this claim other than a barebones assertion on pages 5-6 of his reply brief where he states that his trial counsel spent insufficient time discussing the guilty plea. The transcript of the Rule 11 proceeding belies this assertion, however, as it shows that Jackson stated to the court that he had enough time to talk about the guilty plea and sentence with is attorney, that he was satisfied with his attorney's advice and efforts, that he had reviewed the written plea agreement and discussed it with his attorney, and that no one forced him into pleading

guilty.[2] In light of this undisputed record and the presumption of verity that attaches to a defendant's statements at a Rule 11 proceeding, see Hutchings v. United States, 618 F. 3d 693, 699 (7th Cir. 2010), this claim is deemed non-meritorious.

Lastly, Jackson claims that his trial counsel was ineffective for failing to investigate the anonymous tip that the police relied on, in part, for their reasonable belief that he was at Joseph's apartment. Jackson does not elaborate to what extent trial counsel should have investigated or what any investigation might have revealed. As the government points out, it is by its nature difficult, if not impossible, to investigate an anonymous informer. To the extent Jackson is suggesting that no such informant existed, he has failed to identify any evidentiary basis for such an assertion.

Appellate Counsel Claims

To the extent Jackson claims that his appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness, the claim fails. Issues of trial counsel's ineffectiveness are generally best raised in a § 2255 motion. See Massaro v. United States, 538 U.S. 500, 504 (2003). Further, as discussed above, none of the claims of ineffective assistance of trial counsel have any merit.

There is also no viable claim of ineffectiveness based on appellate counsel's failure to challenge any sentence enhancements as Jackson has failed to specify what errors appellate counsel should have raised. Moreover, the Court of Appeals reviewed his sentence and held it was reasonable.

Jackson claims that his appellate counsel failed to challenge the search based on the anonymous tip. This claim is belied by Jackson's appellate brief which expressly raises that issue. Further, the Court of Appeals considered the anonymous tip in its assessment of whether the police had a reasonable belief that Jackson was in the apartment. Jackson, 576 F. 3d at 469. Therefore, this claim lacks merit.

Jackson next claims that appellate counsel was ineffective for failing to interview witnesses or otherwise investigating. This contention misunderstands the role of appellate counsel which is to utilize the existing factual record as developed in the trial court. To the extent this claim is based on trial counsel's performance, those claims have already been disposed of in this order.

Finally, Jackson's claim that appellate counsel was ineffective because he failed to show that Jackson's Fourth, Fifth, and Sixth Amendment rights were violated fails as his claim is vague and ill-defined. To the extent Jackson is attempting to reiterate his previous claims, they have been addressed and denied.

For the foregoing reasons, the court denies the § 2255 motion as to all claims, denies the request for an evidentiary hearing, see Hutchings, 618 F. 3d at 699-700 (no evidentiary hearing required when the motion, file, and records conclusively show that a petitioner is entitled to no relief), and dismisses this cause in its entirety.

---

1. The government erroneously assumes that Jackson's reference to an affidavit is the affidavit of Joseph submitted by the government in support of its response to the motion to suppress. This assumption is understandable as Jackson did not submit the most recent affidavit of Joseph until he filed his reply. Any issue of waiver aside, the court will consider the most recent Joseph affidavit.

2. Trial counsel states in his affidavit that he did in fact explain the guilty plea and potential sentence to Jackson.